# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 20-0962V
UNPUBLISHED

| | |
|---|---|
| SHARON SIRKIS,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: November 15, 2021<br><br>Special Processing Unit (SPU); Ruling on Entitlement; Concession; Table Injury; Tetanus Diphtheria acellular Pertussis (Tdap) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Maximillian J. Muller, Muller Brazil, LLP, Dresher, PA,* for Petitioner.

*Ronalda Elnetta Kosh, U.S. Department of Justice, Washington, DC,* for Respondent.

**RULING ON ENTITLEMENT**[1]

On August 3, 2020, Sharon Sirkis filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of a Tetanus-Diphtheria-acellular Pertussis ("Tdap") vaccine administered to her right shoulder on November 24, 2018. Petition at 1. Petitioner further alleges that her injury lasted for more than six months. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On November 15, 2021, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c)

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Report at 1. Specifically, Respondent states that "petitioner has satisfied the criteria for SIRVA set forth in the Vaccine Injury Table and the Qualifications and Aids to Interpretation, which afford petitioner the presumption of causation because petitioner had no history of pain, inflammation, or dysfunction in her right shoulder; her pain occurred within 48 hours of receipt of an intramuscular vaccination; her pain and reduced range of motion were limited to the shoulder in which the vaccine was administered; and no other condition or abnormality was identified to explain her symptoms. 42 C.F.R. § 100.3(a), (c)(10)." *Id.* at 4-5. Respondent further agrees that "the statutory six month sequela requirement has been satisfied." *Id.* at 5.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>  
Brian H. Corcoran  
Chief Special Master